### KAPLAN et al. v. METROPOLITAN EXPRESS CO.

(Supreme Court, Appellate Term.    March 26, 1906.)

CARRIERS—LOSS OF GOODS—ACTION—PLEADING—AMENDMENT.
    In an action against an express company for failure to deliver merchandise to defendant, where defendant offered no evidence, and plaintiffs introduced a receipt which contained no provision requiring notice of loss to be given within 60 days, an amendment to the answer, alleging plaintiffs' failure to notify defendant of the loss, was properly denied.
    Scott, P. J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Joseph D. Kaplan and others against the Metropolitan Express Company. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and O'GORMAN and NEWBURGER, JJ.

Arthur K. Wing, for appellant.
Kahn & Tolleris, for respondents.

O'GORMAN, J. The plaintiffs delivered merchandise of the value of $49.75 to the defendant for delivery to one Mendelson, in Yonkers. Mendelson testified that he never received the goods. The defendant offered no evidence. The defendant claims the evidence does not show nondelivery, and that the court erred in not allowing an amendment to the answer alleging plaintiffs' failure to notify defendant of the loss within 60 days.

Neither contention is well founded. The defendant's printed receipts contained certain provisions which constitute a contract between the parties, and, among other things, required notice of loss within 60 days; but in the particular receipt in evidence the 60-day provision is lacking. A portion of the printed part is torn, and this doubtless embraced the reference to 60 days. Plaintiffs were not required under the receipt which they held to give notice of their loss within 60 days, or any other definite period; but, even if the contract were as claimed by defendant, it is not clear that substantial justice would be promoted by the amendment, and therefore the court was not bound to allow it.

Judgment affirmed, with costs.

NEWBURGER, J., concurs.

SCOTT, P. J. (dissenting). I dissent. The plaintiffs waited two years before bringing their action, and then offered but slight evidence of nondelivery. The amendment should have been allowed, especially as the plaintiffs did not object.